IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUFTILE,

    Plaintiff,

vs.

SACRAMENTO COUNTY BOARD OF SUPERVISORS, et al.,

    Defendants.
                             /

No. CIV S-05-0171 GEB KJM P

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

       Plaintiff, civilly committed under California's Sexually Violent Predator Act, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint challenges his placement in the Sacramento County Jail, and the conditions therein, for the time period between April 5, 2001 and November 19, 2002. Plaintiff's motions for permissive joinder and injunctive relief, as well as defendants' motion to dismiss, are before the court.

I. <u>Joinder and Defendants' Motion to Dismiss</u>

       In his August 23, 2006 motion, plaintiff requests that the court join several individuals in order to "clarify [p]laintiff's complaint against the Sacramento County Board of Supervisors... ." Pl.'s Mot. for Permissive Joinder. The court construes plaintiff's motion as a request for leave to amend, which will be granted under Federal Rule of Civil Procedure 15(a). Plaintiff will be ordered to file and serve his amended complaint within thirty days of this order.

1

Plaintiff's failure to file an amended complaint within thirty days may result in a recommendation that this action be dismissed.

Because plaintiff must be given leave to amend his complaint, defendants' July 18, 2006 motion to dismiss will be denied as moot.

II. Plaintiff's Request for Injunctive Relief

Plaintiff seeks preliminary injunctive relief preventing his transfer back into the custody of the Sacramento County Jail and thereby allegedly preventing further violation of plaintiff's constitutional rights. The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Co. Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a threat of irreparable injury." Id. In the absence of a significant showing of irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Plaintiff's request for injunctive relief should be denied because plaintiff has failed to demonstrate whether, and if so, when he will be remitted back into the custody of the Sacramento County Jail. Therefore, plaintiff has failed to "demonstrate that there exists the threat of an irreparable injury."

/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 23, 2006 request for leave to amend his complaint is granted.

2. Plaintiff's January 27, 2005 complaint is dismissed.

3. Plaintiff shall file and serve his amended complaint within 30 days.

4. Defendants' July 18, 2006 motion to dismiss is denied.

IT IS HEREBY RECOMMENDED that plaintiff's August 30, 2006 motion for preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 15, 2006.

_____
U.S. MAGISTRATE JUDGE

1/jg/Huftile0171.157(1)